# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Julian Wyatt, | No. CV-14-01981-TUC-JGZ |
| Petitioner, | **ORDER** |
| v. |  |
| Charles Ryan, et al., |  |
| Respondents. |  |

Pending before the Court is a Report and Recommendation issued by United States Magistrate Judge Eric J. Markovich that recommends dismissing Petitioner Julian Wyatt's Petition for Writ of Habeas Corpus with prejudice. (Doc. 24.) No objection to the Report and Recommendation was filed by Petitioner within the time limits set by the Magistrate Judge.[1] "When no timely objection is filed, the court need only satisfy itself

---

[1] On January 11, 2017, Petitioner filed an objection that was signed, dated, and mailed on January 4, 2017. (Doc. 25, p. 19.) In his objection, Petitioner states that he received Judge Markovich's Report and Recommendation on December 6, 2016. (*Id.* at 1.) The objection is untimely. Petitioner did not file his objection within fourteen days of being served with a copy of the Report and Recommendation, as ordered by Magistrate Judge Markovich and as is required under 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b)(2).

Even if the Court were to consider the objection, it would not change the result. In his objection, Petitioner argues that he is entitled to equitable tolling because the trial court's denial of his motion to reopen his first post-conviction relief (PCR) proceedings prevented him from filing in federal court. Petitioner's objection does not undermine the conclusion reached by Judge Markovich on the issue of equitable tolling. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72, Adv. Comm. Notes to 1983 Am.

The Court has reviewed the record and concludes that Magistrate Judge Markovich's recommendations are not clearly erroneous. *See* 28 U.S.C. § 636(b)(1)(A);

---

As an initial matter, the Court notes that many of the documents relied upon by Petitioner in his objection are not in the record in these proceedings. However, taking all of Petitioner's allegations as true, the Court finds that Petitioner has nevertheless failed to demonstrate that it was "impossible to file a [federal habeas] petition on time." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

According to Petitioner, after the trial court denied Petitioner's first PCR petition, he acquired an investigator and obtained new information that would have affected the ineffective assistance of counsel claim raised in the first PCR petition. In spite of the new information, the trial court denied Petitioner's request to reopen or "stay" the first PCR proceedings, advising Petitioner that the new information might be the subject of a second PCR petition, but did not warrant reopening the first petition. Thereafter, Petitioner did in fact file a second PCR petition, asserting ineffective assistance of counsel and abuse of discretion by the trial court, and arguing that the successive petition was proper based on the newly discovered evidence. (*See* doc. 19, ex. X.) The trial court found that Petitioner's second PCR was untimely and that the newly discovered evidence failed to meet the waiver requirements of Ariz. R. Crim. P. 32(b). (*Id.* at ex. Y.) On November 15, 2012, the Arizona Court of Appeals affirmed the trial court's ruling on the second PCR petition. (*Id.* at ex. AA.) Petitioner also filed a Special Action with the Arizona Court of Appeals, alleging that the trial court abused its discretion in denying his request to amend his first PCR petition. (*Id.* at ex. NN.) On November 23, 2011, the Arizona Court of Appeals declined to accept jurisdiction of the special action. (*Id.* at ex. PP.) Finally, on June 6, 2012, the Arizona Supreme Court denied review of Petitioner's appeal relating to his first PCR petition, thereby ending the statutory tolling period under AEDPA and beginning the one year period in which Petitioner was required to file his federal habeas petition. (*Id.* at ex. U.)

All of the state proceedings were concluded well before the statute of limitations period was triggered for Petitioner's filing of a federal claim. However, Petitioner did not file a federal habeas action before the June 7, 2013 deadline. Rather, Petitioner continued to file successive petitions in the state court, and in December 2013, well after the June 7 deadline, filed a motion to "stay" his habeas proceedings in federal court. (*Id.* at ex. SS.) However, because no federal petition had been filed, this Court dismissed the case for lack of jurisdiction. (*Id.* at ex. TT.)

In sum, it is unclear why, after the conclusion of the state proceedings, Petitioner failed to file a federal habeas action before the June 7, 2013 deadline. By November 15, 2012, Petitioner was aware that the trial court and the Court of Appeals both considered his second PCR petition to be untimely. Petitioner did not file his federal claims until March 24, 2014—almost a year after the deadline to do so had passed. Petitioner has not demonstrated he pursued his federal claims with diligence, or that the failure to file his federal claims is causally connected to any extraordinary circumstances that were beyond his control. *See Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007); *Miles*, 187 F.3d at 1107. Accordingly, this Court concludes that Petitioner is not entitled to equitable tolling.

- 2 -

Fed. R. Civ. P. 72; *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see also Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998). As thoroughly explained by Magistrate Judge Markovich, the petition for habeas corpus is untimely under 28 U.S.C. § 2244(d)(1)(A), and is not subject to equitable tolling.

Accordingly, IT IS ORDERED as follows:

1. The Report and Recommendation (doc. 24) is accepted and adopted;
2. Petitioner Wyatt's Petition for Writ of Habeas Corpus (doc. 1) is DISMISSED with prejudice;
3. A Certificate of Appealability is denied and shall not issue; and
4. The Clerk of the Court is directed to close the case.

Dated this 20th day of January, 2017.

Honorable Jennifer G. Zipps
United States District Judge